UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-2422-DMG (PVCx)** | Date | June 30, 2023 |
| Title | *Gilberto Silvano, et al. v. Ford Motor Company* | Page | 1 of 4 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO REMAND [8]**

Before the Court is a Motion to Remand ("MTR") filed by Plaintiffs Gilberto Silvano and Guillermina Sanchez Perez. [Doc. # 8.] The MTR is fully briefed. [*See* Doc. ## 14 (Opposition), 15 (Reply).] Having duly considered the parties' arguments, the Court **GRANTS** the MTR.

**I.
PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs filed their Complaint in Santa Barbara County Superior Court on January 25, 2023, asserting claims for violation of California's Song-Beverly Consumer Warranty Act against Defendant Ford Motor Company ("Ford"). *See* Notice of Removal ("NOR") ¶ 1 [Doc. # 1]; *see also* Compl. [Doc. # 1-2 at 6].[1] Plaintiffs' claims relate to their purchase of a 2021 Ford F-150 pickup truck on December 11, 2021, which they allege was defective. NOR ¶ 23; Compl. ¶¶ 8-10. In their Complaint, Plaintiffs seek "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff [sic] prior to the first presentation of the nonconformities" at issue, as well as incidental, consequential, and general damages, attorney's fees and costs, and a civil penalty "up to two times the amount of actual damages." *See id*. at ¶¶ 27–30, 56–57. Ford was served with the Complaint on January 25, 2023, and filed its Answer in state court on March 3, 2023. *See* NOR ¶ 4; Maclear Decl. ISO NOR ¶¶ 5–6 [Doc. # 1-1].

On some unspecified date, Ford requested and received a copy of Plaintiffs' Retail Installment Sales Contract ("RISC"). *See* NOR ¶ 7; Maclear Decl. ISO NOR ¶ 3; Maclear Decl. ISO Opp. ¶¶ 3-5 [Doc. # 14-1]. The RISC shows that Plaintiffs paid $54,580.00 for their F-150. Maclear Decl. ISO NOR at ¶ 13. Because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the actual damages in civil penalties, Ford contends that Plaintiffs' potential damages exceed $75,000. NOR ¶ 17; *see also* Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(c); *Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (treble damages, attorneys' fees, and punitive damages are properly

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-2422-DMG (PVCx) | Date | June 30, 2023 |
|---|---|---|---|
| Title | Gilberto Silvano, et al. v. Ford Motor Company | Page | 2 of 4 |

considered in calculating amount in controversy if authorized by statute). On top of this sum, Ford also asserts that plaintiffs in similar cases "regularly request" more than $50,000 in attorneys' fees, which are also authorized by the Song-Beverly Act. NOR ¶¶ 31–33; *see also* Cal. Civ. Code § 1794(d). For this reason, Ford adds "a modest $40,000 in attorney's fees" to its calculation of the amount in controversy. NOR ¶ 33.

On March 31, 2023, Ford removed the action to this Court, invoking diversity jurisdiction. Because Ford was served with the Complaint on January 23, 2023, Ford's removal was beyond the 30-day timeline for removal prescribed by 28 U.S.C. section 1446(b)(1). Ford asserts, however, that the Complaint did not provide notice that the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met, because the Complaint did not allege a specific damages amount. *See* 28 U.S.C. § 1332(a). Ford maintains that it was not alerted to the fact that the amount in controversy exceeded $75,000 until it obtained the RISC. NOR ¶¶ 6–7. Therefore, Ford contends that removal was timely under Section 1446(b)(3), which states that "if the case stated by the initial pleading is not removable," a defendant may remove "within thirty days after receipt by the defendant, through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

On April 28, 2023, Plaintiffs timely filed the instant MTR.

## II.
## LEGAL STANDARD

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, defendants have 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.'"). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-2422-DMG (PVCx)** | Date | June 30, 2023 |
|---|---|---|---|
| Title | *Gilberto Silvano, et al. v. Ford Motor Company* | Page | 3 of 4 |

## III.
## DISCUSSION

Plaintiffs seek remand on the basis that Ford should have known the amount in controversy exceeded $75,000 at the time the Complaint was filed, and therefore that Ford's removal was untimely.

The Court agrees. Based on Ford's own methodology, Plaintiffs need have paid only $11,667 for the vehicle to meet the $75,000 amount in controversy, considering a sum that includes restitution of the purchase price, civil penalties of twice the purchase price, and $40,000 in attorneys' fees. Plaintiffs in fact paid $54,580.00 for their F-150. Maclear Decl. ISO NOR at ¶ 13. Given that Plaintiffs provided the year, make, model, and purchase date of the car—a car that Ford itself manufactured—in their Complaint, Ford should have easily been able to ascertain from the Complaint alone that a car that in fact retailed for over $50,000 had sold for at least $11,666.67. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). It is simply not credible for Ford to have reasonably believed that a new or nearly-new car may have sold for less than a quarter of its actual value.

This Court reached the same conclusion in a nearly identical case removed by Ford last year. *See Ward v. Ford Motor Co.*, No. CV 22-2771-DMG (PLAx) (C.D. Cal.). In *Ward*, the Court ordered Ford to show cause why an action asserting similar claims arising out of the plaintiff's purchase of a new Ford Ecosport should not be remanded for untimely removal. *See id.* at Doc. # 9. In response, Ford argued (as here) that earlier removal would have required Ford to rely on its *subjective* knowledge or a duty to make further inquiry. The Court rejected this argument, on the basis that it was objectively self-evident to any reasonable person that a new Ford Ecosport could not cost less than $11,667. *See id*. at Doc. ## 11 (order inviting plaintiff to file motion to remand), 21 (order granting motion to remand). So too here. It is objectively self-evident that a 2021 F-150 would not have sold for less than $12,000 in 2021.

By contrast, the Ninth Circuit has previously held that, where the value of a financing contract was not necessarily the same as the value of the car, and where the year, make, and model of the vehicles at issue are not specified, the defendant cannot be expected to discern the value of the plaintiffs' claims from the face of the pleading. *See Kuxhausen*, 707 F.3d at 1140–41. Similarly, this Court held last year that the value of a *lease*, where not specifically alleged, is not necessarily ascertainable from the face of the complaint, even if the make and model of the car is included. *See Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 WL 1487178,

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-2422-DMG (PVCx)** | Date | June 30, 2023 |
|---|---|---|---|
| Title | *Gilberto Silvano, et al. v. Ford Motor Company* | Page | 4 of 4 |

*2 (C.D. Cal. May 11, 2022).[2]  Here, where the Complaint includes the make, model, and year of the car, the Court concludes that it is appropriate to require Ford to exercise a reasonable amount of intelligence in evaluating whether the amount in controversy exceeds $75,000.

Finally, the Court also notes that nowhere in Ford's NOR or its Opposition does counsel specify the date on which Ford obtained the RISC.  In other words, even if Plaintiffs' Complaint did not make clear that Plaintiffs' case was removable (which it did), Ford has not established when the case *did* become removable.  This is a separate sufficient basis for remand.

### IV.
### CONCLUSION

In light of the foregoing, Plaintiffs' MTR is **GRANTED**.  This action is **REMANDED** to Santa Barbara County Superior Court.

**IT IS SO ORDERED**.

---

[2] The Court does not credit, however, Plaintiffs' contention that simply marking their Civil Cover Sheet to indicate that their claim was within the unlimited jurisdiction of the Superior Court demonstrated the removability of the Complaint.  Plaintiffs' Civil Cover Sheet stated only that the "amount demanded exceeds $25,000."  *See* Compl. at 3.  $25,000 is obviously not greater than $75,000.  The Civil Cover Sheet therefore did not provide grounds for removal at the time of service.  *Accord Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1001 (C.D. Cal. 2021) (finding plaintiff's allegation that she suffered at least $25,001 in damages did not make clear that the amount in controversy totaled $75,000 in a similar case brought under the Song-Beverly Act).